IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL W. FRICKE,**

                         **Petitioner,**

        **v.**                                         **CASE NO. 03-3412-RDR**

**SECRETARY OF THE NAVY, et al.,**

                         **Respondents.**

**MEMORANDUM AND ORDER**

This matter is before the court on a petition seeking habeas corpus relief under 28 U.S.C. § 2241, and mandamus relief under 28 U.S.C. § 1361. The court has reviewed the record, finds it ready for decision, and denies all relief.

*Procedural Background*

Petitioner was commissioned as an officer in the United States Navy in April 1978. Petitioner states he was "passed over" in 1992 and 1993 for promotion to Lieutenant Commander, and thus fell within the involuntary separation provisions in 10 U.S.C. § 632. Petitioner was apprehended at his place of duty by agents of the Naval Criminal Investigative Service on October 8, 1993, and told he would be taken before an Article 32 inquiry for the alleged premeditated murder of his wife in 1988. A military magistrate judge approved the continuation of petitioner's pre-trial confinement. Following an Article 32 inquiry in December 1993, the investigating officer recommended a general court-martial. On February 9, 1994, a general court-martial convened for trial on this premeditated murder charge.

Pursuant to a plea agreement, petitioner entered a guilty plea on August 30, 1994. Petitioner's sentence included confinement for life, a dishonorable discharge, forfeiture of all benefits, and a fine. The convening authority suspended confinement in excess of thirty years and all forfeitures and fines for ten years. The United States Navy-Marine Corps Court of Criminal Appeals (NMCA) affirmed petitioner's conviction and sentence. United States v. Fricke, 48 M.J. 547 (N.M.Ct.Crim.App. 1998). The United States Court of Appeals for the Armed Forces (CAAF) affirmed the conviction, but set aside the sentence and remanded for a DuBay[1] hearing as to whether the conditions of petitioner's pre-trial confinement constituted punishment for which petitioner was entitled credit against his sentence. United States v. Fricke, 53 M.J. 149 (C.A.A.F.), *cert. denied*, 531 U.S. 993 (2000).

Petitioner filed the instant action to seek his release, pursuant to 28 U.S.C. § 2241, from confinement pursuant to the judgment of a military tribunal alleged to be lacking personal jurisdiction over petitioner at the time of his court-martial. Petitioner also seeks mandamus relief, 28 U.S.C. § 1361, for an order requiring military authorities to correct petitioner's record to reflect his involuntary and honorable separation from service as of December 1, 1993, pursuant to 10 U.S.C. § 632(a), to expunge his military conviction, and to restore all rights.

When petitioner initiated this action in February 2004, the proceeding that had been remanded for a DuBay hearing was still pending. In August 2004, the NMCA found the expanded record did not

---

[1] United States v. DuBay, 37 C.M.R. 411 (C.M.A. 1967).

2

support petitioner's claim of unlawful pretrial punishment, and denied pretrial credit to petitioner's sentence. While that appeal was still pending, petitioner sought leave to add a claim that no personal jurisdiction for the 1994 general court-martial existed because petitioner should have been involuntarily separated from the service by operation of law in December 1993, prior to the convening of his General Court Martial in February 1994. The NMCA denied petitioner leave to include this new claim, indicating petitioner's conviction was final and this new issue was outside the limited scope of CAAF's remand. Petitioner then asserted this jurisdictional claim to the CAAF in a petition for writ of error coram nobis. The CAAF summarily denied the petition.

*Standard of Review*

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A United States District Court has limited authority to review court-martial proceedings for such error. Its scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id.

An issue is deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the

military court summarily disposes of the matter. <u>Watson v. McCotter</u>, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." <u>Burns v. Wilson</u>, 346 U.S. 137, 142 (1953); <u>Khan v. Hart</u>, 943 F.2d 1261, 1263 (10th Cir. 1991). The fact that the military court did not specifically address the issue in a written opinion is not controlling. <u>Lips</u>, 997 F.2d at 821, n.2. Instead, "when an issue is briefed and argued" before a military court, the law in this circuit holds "that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." <u>Id</u>., *citing*, <u>Watson</u>, 782 F.2d at 145. Petitioner bears the burden of showing the military review provided was "legally inadequate" to resolve his claims. <u>Watson</u>, 782 F.2d at 144, *citing* <u>Burns</u>, 346 U.S. at 146.

## Discussion

Petitioner claims his court-martial conviction and sentence should be vacated because he was, as a matter of law, no longer a service member and subject to the jurisdiction of the Uniform Court Martial Jurisdiction when his general court-martial convened in February 1994. Petitioner points to 10 U.S.C. § 623 as mandating the involuntary separation of officers twice passed over for promotion, and claims operation of this statutory directive should have resulted in his discharge from the armed services as of December 1, 1993.

Respondents first argue federal review of petitioner's application should be denied because federal habeas review is barred

4

because petitioner's conviction and sentence were not yet final when he filed his petition. This concern, however, was rendered moot by the military court's final denial of relief in the remanded proceeding.

Respondents next claim petitioner waived review of his personal jurisdiction claim by failing to present it in his direct military appeal. It is well recognized, however, that jurisdictional claims can be raised at any time. See Huerta v. Gonzales, 443 F.3d 753, 756 (10th Cir. 2006)(*citing* Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-94 (1998)). Indeed, respondents alternatively contend federal habeas relief should be denied because the military courts fully and fairly considered petitioner's claim that he was no longer subject to the Uniform Code of Military Justice when his general court-martial convened in February 1994. The court finds merit to this contention.

Prior to Burns, a federal court's review of a military conviction was generally limited to an examination of whether the court-martial's jurisdiction was proper. See In re Grimly, 137 U.S. 147, 150 (1890)("It cannot be doubted that the civil courts may in any case inquire into the jurisdiction of a court-martial, and, if it appears that the party condemned was not amenable to its jurisdiction, may discharge him from the sentence."). Nonetheless, Burns reiterated that a civil court's review of a military prisoner's habeas application did not allow for re-evaluation of evidence regarding an allegation that had been fully and fairly considered in a military decision. Burns, 346 U.S. at 140.

Although Burns extended that limited review to other claims of constitutional significance arising in a military proceeding, the

5

"full and fair" standard as developed by later courts arguably applies to this court's consideration of petitioner's personal jurisdiction claim.  Accordingly, where a military court has not manifestly refused to consider a claim, this court's review of petitioner's military conviction "is appropriate only if the following conditions are met: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards."  Lips 997 F.2d at 811.

In the present case, petitioner asserts a fundamental jurisdictional claim involving no factual dispute.  It also appears the military courts adequately considered petitioner's personal jurisdiction claim and applied proper legal standards.

Petitioner clearly presented his jurisdictional claim to the CAAF in his petition for writ of error coram nobis.[2]  That court's summary denial of relief constitutes its full and fair consideration, and its rejection, of petitioner's claim of entitlement to a discharge by operation of law by the date as provided in 10 U.S.C. § 632.  *Compare*, Vanderbush v. Smith, 45 M.J. 590, 598 (Army Ct.Crim.Appl. 1996)(relief granted on petitioner's writ of extraordinary relief; charges dismissed for lack of personal

---

[2] *See* Noyd v. Bond, 395 U.S. 683, 695 n.7 (1969)(All Writs Act, 28 U.S.C. § 1651, applies to military courts).  *See also* U.S. Court of Appeals Armed Forces Rules 4 and 18, 10 U.S.C. foll. § 867 (CAAF can entertain original petitions for extraordinary relief, including writs of error coram nobis); Rule 19(d)(writ of error coram nobis can be filed at any time).

jurisdiction upon finding petitioner had received valid discharge from military service), *aff'd*, 47 M.J. 56 (1997).

The court also finds petitioner has failed to demonstrate that CAAF's decision involved an improper application of relevant law.

Personal jurisdiction over the accused at the time of trial clearly is an essential element for vesting court-martial jurisdiction.  The military lacks jurisdiction to prosecute if the accused is not subject to the Uniform Code of Military Justice (UCMJ) at the time of the court-martial.  *See* Solorio v. United States, 483 U.S. 435, 439 (1987)(jurisdiction of court-martial depends on accused's status as a member of the armed forces).  "All servicemen,'including those awaiting discharge after expiration of their terms of enlistment' are subject to the Code of Military Justice."  Desjardins v. Department of Navy, 815 F.Supp. 96, 98 (E.D.N.Y. 1993)(*quoting* 10 U.S.C. § 802(a)(1)).

Discharge from military service for purposes of court-martial jurisdiction, however, requires the delivery of a valid discharge certificate, a final accounting of pay, and completion of a clearing process.  10 U.S.C.A. § 802(c)(service member is subject to UCMJ "until such person's active service has been terminated in accordance with law or regulations promulgated by the Secretary concerned"); 10 U.S.C. § 1168 (a service member is not released from active duty until he has received his discharge papers).  *See* Garrett v. United States, 625 F.2d 712, 713 (5th Cir. 1980)(no release from military service until receipt of discharge papers)(*citing* 10 U.S.C. § 1168), *cert. denied*, 450 U.S. 918 (1981).  *See also* Smith v. Vanderbush, 47 M.J. 56, 57-58 (1997)(no unconditional right to be discharged upon expiration of term of

7

service, "authority to retain service members past their period of obligated service for purposes of trial by court-martial is a longstanding feature of military law"). Here, petitioner alleges no receipt of discharge papers, and demonstrates no satisfaction of any of the formal requirements for discharge of his active service prior to the convening of his general court-martial, and there is nothing in the record suggesting any discharge paperwork or processing was initiated or completed prior to February 1994.

Next, petitioner's central claim, that § 632 operated to fully effect an involuntary separation and discharge, notwithstanding the undisputed circumstances of petitioner confinement and pending court-martial investigation at the time, is obviously compromised by § 639 which specifically provides for the continuation of a service member's active duty for the purpose of completing disciplinary action.[3]

And finally, because court-martial jurisdiction attaches when "action with a view to trial" takes place, Allen v. Steele, 759 F.2d 1469, 1471 (9th Cir. 1985), petitioner's reliance on an involuntary separation date in December 1993 is defeated where prior to that date the military clearly and authoritatively signaled its intent to impose its legal process on petitioner and petitioner failed to allege lack of the personal jurisdiction for the convening of his general court-martial in February 1994. There is no dispute that petitioner was on active duty when he was taken into confinement in

---

[3]Section 639 reads:  "When any action has been commenced against an officer with a view to trying such officer by court-martial and such officer is to be separated or retired in accord [with § 632], the Secretary of the military department concerned may delay the separation or retirement of the officer, without prejudice to such action, until the completion of the action."

8

October 1993 for investigation of the premeditated murder charge, and that petitioner remained in confinement through the convening of his general court-martial in February 1994.  *See e.g.,* id.(military officials' actions, before accused serviceman's term of enlistment ended, of interviewing him twice regarding rape and perjury allegations, conducting ongoing investigation, requesting drafting of charges, sending message requesting that he be contacted and issued orders to return to his base, and contacting him and telling him to report, taken together, were sufficient to cause court-martial jurisdiction to attach even though his term of enlistment had expired).

The court thus finds petitioner has not demonstrated that he is entitled to habeas corpus relief under § 2241.

Petitioner also seeks extraordinary relief under 28 U.S.C. § 1361, which grants a United States District court original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).  To qualify for mandamus relief, a petitioner must establish: a clear right to the relief sought; a plainly defined and peremptory duty on the part of the respondent to do the action in question; and that no other adequate remedy is available.  Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990).  Petitioner has not demonstrated that any of these requirements are satisfied in the present case.  For the reasons already stated, the court specifically finds petitioner has not demonstrated a clear and indisputable right to the

9

correction of his record to reflect his honorable discharge from the armed services as of December 1, 1993, pursuant to operation of 10 U.S.C. § 632.  *See* Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir. 1994)(mandamus is a drastic remedy available only upon a showing of a clear and indisputable right to the relief requested).

## Conclusion

For the reasons stated herein the court denies petitioner all relief sought under 28 U.S.C. §§ 1361 and 2241.

IT IS THEREFORE ORDERED that petitioner's application for a writ of habeas corpus, and application for a writ of mandamus, are denied.

DATED:  This 5th day of June 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge